**TIMOTHY J. RYAN, SBN 99542**
**MARLA R. WESTON, SBN 209460**
**RYAN & FONG, P.C.**
2379 Gateway Oaks Drive, Suite 100
Sacramento, California 95833
Telephone:  (916) 924-1912
Facsimile:  (916) 923-3872
tryan@ryanfong.com

Attorneys for Defendant
AVCO Corporation and
its Lycoming Engines division

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMEO BRAVO, INC., RONALD J. BROWN, DANA POPE, for themselves and classes of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LYCOMING ENGINES, a Division of Avco Corporation; AVCO CORPORATION,<br><br>Defendants. | Case No.  2:06-cv-01947-LKK-GGH |

**STIPULATED PROTECTIVE ORDER**

During discovery in this action, Plaintiffs Romeo Bravo, Inc., Ronald J. Brown and Dana Pope and Defendant AVCO Corporation, on behalf of its Lycoming Engines Division (hereinafter "Lycoming") (together, "the Parties") may be required to produce documents, answer interrogatories and requests for admission, or provide testimony ("Discovery Materials"), that might reveal sensitive, confidential and/or proprietary information and/or trade secrets, which should not be disclosed except in a highly restricted manner.  The Parties desire to accomplish and facilitate discovery in this action without jeopardizing privacy, business, and commercial interests in the confidentiality of this information.  The undersigned Parties therefore agree that:

1

1.     By agreeing to this Protective Order, neither AVCO Corporation nor AVCO's Lycoming Engines Division concedes that it is a proper party defendant.

2.     The Parties shall have the right to designate as confidential certain portions of Discovery Material, provided that it concerns bona fide trade secrets, nonpublic financial information, research and development information, commercial information relating to future development plans or to competitive considerations, information relating to negotiations or transactions currently in progress or in prospect, or any other proprietary information. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection under this Stipulated Protective Order shall be treated in accordance with the terms of this Stipulated Protective Order.

3.     Any material designated as confidential (hereinafter "Confidential Material") shall have the legend "PROPRIETARY - SUBJECT TO PROTECTIVE ORDER" placed on it in a manner obstructing the least possible amount of writing or other information on the page, and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

4.     Confidential Material shall be used by the receiving Parties and their counsel solely for the preparation and trial of this action or the actions pending in the United States District Court for the Eastern District of Pennsylvania entitled *Charles Powers, et al. v. Lycoming Engines, et al.*, Case No.: 06-2993, and *Plane Time, LLC v. Lycoming Engines, et al.*, Case No.: 06-4228, and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 5, below.  The Parties' attorneys of record are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

5.     Access to Confidential Material, and to the information contained therein (including extracts and summaries derived from such material), shall be restricted to the following Qualified Persons:

2

(a)     each Party's attorneys working on these actions, and their employees or agents working on these actions;

(b)     each Party, and its employees, officers and agents who are working on these actions and whose assistance is required in the preparation of these matters for trial;

(c)     experts and consultants who are employed or retained by each Party or its counsel, but only if the Party retaining the experts and consultants reasonably believes the experts and consultants need the material to render such assistance, and further provided that the experts and consultants may not retain the material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such material in accordance with its terms;

(d)     any persons who are deposed in these actions, whether appearing voluntarily or pursuant to a validly issued notice or subpoena;

(e)     private court reporting, videotaping, and document reproduction services;

(f)     the Court and its support personnel and court reporters;

(g)     the trier of fact; and

(h)     any person designated by: (i) written consent of the disclosing party (in the case of third party testimony, by the written consent of all of the Parties), or (ii) by the Court in the interests of justice, upon such terms as the Court may deem proper.

6.     Before making disclosure of any material to any Qualified Person under paragraphs 5(c) and (d) of this Protective Order, the Party seeking to make such disclosure shall obtain the written agreement per the form attached hereto as Exhibit "A".

7.     In no event shall any disclosure of Confidential Material be made to competitors of any defendant, or to any persons who, upon reasonable and good faith inquiry, could be determined to be employees or consultants of any competitor of a defendant in the business of the manufacture, sale, and overhaul of reciprocating aircraft engines and their components, irrespective of whether they are retained as an expert in this action. Prior to the disclosure of any Confidential Material, the Parties shall in good faith endeavor to agree upon a definition of what constitutes "a competitor of a defendant in the business of the manufacture, sale, and overhaul of aircraft engines and their components and/or an employee or consultant employed or engaged by a competitor of

3

1   a defendant." In the event the Parties are unable to agree, the dispute shall be submitted

2   to the Court by motion.

3   8.   The inadvertent failure of a Party to designate material as Confidential Material at the

4   time of production shall not constitute a waiver of that Party's claim to confidentiality

5   as long as, upon discovery, it promptly designates such material as Confidential Material

6   under the protection of this Stipulated Protective Order.  The recipient of such material

7   agrees to cooperate with the Producing Party to remedy any inadvertent disclosure

8   including, without limitation, returning the undesignated material and all copies,

9   wherever located, to the Disclosing Party upon receipt of replacement designated

10   material.

11   9.   The Parties shall not be obligated to challenge the propriety of a confidentiality

12   designation at the time made, and failure to do so shall not preclude a subsequent

13   challenge to such a designation.  In the event that a Party disagrees at any stage of these

14   proceedings with another Party's designation of any material as Confidential Material,

15   the Parties shall attempt to resolve such dispute in good faith on an informal basis, then

16   the dispute shall be presented to the Court by motion.  Until the Court rules on the

17   challenge, all Parties shall continue to afford the material in question the level of

18   protection designated by the Producing Party.  Any material as to which such a motion

19   is made shall be treated as Confidential Material under the provisions of this Order until

20   further order of the Court.

21   10.   In the event that counsel for any Party files with the Court any Confidential Material or

22   any papers containing or making reference to any such material, the Parties agree to

23   comply with Eastern District of California Local Rule 39-141.

24   11.   Nothing in this Order shall limit a Party's right to disclose its own information

25   and documents to any person for any purpose nor to use them for any purpose, nor does

26   it limit a Party's right to disclose information and documents which are publicly

27   available or available to the Party through non-confidential sources to any person for

28   any purpose.

4

12.   This Protective Order shall not prevent material covered by it from being offered or received as evidence in this Court, subject to such confidentiality measures as this Court may then prescribe, if any.  But for such use in this Court, this material shall continue to be treated in accordance with this Stipulated Protective Order, and its use or admission in this Court shall not affect the Parties' rights to designate the same or similar material as confidential or the like in any other or subsequent litigation, action, or proceeding.

13.   Within thirty (30) days of the termination of this litigation, including settlement or the final determination of any appeal, counsel for each Party shall return all Confidential Material and all copies, summaries, or excerpts thereof to counsel for the Party that produced it, or shall destroy all such materials.  Each such counsel returning or destroying Confidential Material shall certify that he or she has recovered all Confidential Material from those persons to whom such materials may have been distributed during the litigation and has returned such documents to appropriate opposing counsel or has destroyed them, and shall further certify that neither the Party, its counsel and staff, its experts, nor its consultants has transmitted, nor will transmit, either directly or indirectly, any of the information contained within the Confidential Materials to any other person, party, or entity other those listed in Paragraph 5 above.

14.   In the event that any recipient of any material covered hereunder is served with a subpoena, document request, or other request for production in another action, such recipient shall advise that the material was produced, and is still subject to, a protective order, and immediately notify counsel for the Disclosing Party (and in the case of third-party testimony, shall immediately notify counsel for all Parties).  The Receiving Party shall not oppose the Producing Party's effort to seek appropriate relief and shall cooperate in good faith with the Producing Party's effort to intervene in the proceeding, quash the subpoena, or other reasonable action to seek appropriate relief.

5

15.   This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the Parties and their attorneys, agents, and employees to enforce the provisions hereof.

16.   Nothing contained in this Stipulated Protective Order, and no action taken pursuant to it, shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the material covered by it.

17.   This Stipulated Protective Order represents a valid and binding agreement of the Parties effective as of the date executed by their authorized representatives.

18.   It is expressly contemplated, agreed, and ordered that third parties, including witnesses, who provide discovery in this action may invoke all provisions of this Stipulated Protective Order as to that discovery, and that the Parties will treat all material formally designated by such third parties as Confidential Material in accordance with the terms of this Stipulated Protective Order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

6

19.     If a Party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party or Parties that the matter is subject to a claim of attorney-client privilege or work product immunity and request that it be returned to the Producing Party.  The inadvertent disclosure of information shall not constitute a waiver of attorney-client privilege or work-product immunity.   The Receiving Party or Parties shall return such material to the producing Party, along with any copies, wherever located. Return of the document by the receiving Party or Parties shall not constitute an admission or concession, or permit any inference, that the returned material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from thereafter moving the Court for an order that such material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

AGREED by and among the Parties, by and through their duly authorized representatives, intending to be legally bound.

DATED: _____

                                            _____

Robert W. Mills
Harry Shulman
THE MILLS LAW FIRM
145 Marina Blvd.
San Rafael, CA 94901
*Counsel for Plaintiff*

DATED: _____

                                            _____

Michael F. Ram
Erica L. Craven
LEVY, RAM & OLSON, LLP
639 Front St., 4th Flr
San Francisco, CA 94111
*Co-Counsel for Plaintiff*

7

1   DATED: _____

2   _____

    Jonathan Shub
3   TerriAnne Benedetto
    SHELLER LUDWIG & SHELLER
    1528 Walnut Street, 3rd Floor
4   Philadelphia, PA 19102
    *Co-Counsel for Plaintiff*
5
    DATED: _____
6
    _____
7   Kathy Bailey
    Bailey Law Group, P.C.
    1615 L Street, NW
8   Suite 1350
    Washington, DC 20036
9   *Co-Counsel for Plaintiff*

10  DATED: _____

11  _____

    Joseph F. Roda
12  Michele S. Burkholder
    RodaNast, P.C
    801 Estelle Drive
13  Lancaster, PA 17601
    *Co-Counsel for Plaintiff*
14

15  DATED: _____

16  _____

    John R. Climaco
17  Jennifer L. Gardner
    Lisa Ann Gorshe
    Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., LPA
18  55 Public Square,
    Suite 1950
19  Cleveland, OH 44113
    *Co-Counsel for Plaintiff*
20

21  DATED: _____

22  _____

    Keith T. Vernon
23  The Vernon Law
    888 16th Street NW
    Suite 800
24  Washington, DC 20006
    *Co-Counsel for Plaintiff*
25

26

27

28

8

1  DATED: _____            _____
                                       Timothy J. Ryan
2  _____     Marla R. Weston
                                       RYAN & FONG
3                                      2379 Gateway Oaks Dr., Suite 100
                                       Sacramento, CA 95833
4                                      *Attorneys for Defendant Avco Corporation and its*
                                       *Lycoming Engines division*
5

6      IT IS SO ORDERED, this 6th day of August, 2007.   ** Regarding paragraph 10, the parties must

7  demonstrate good cause for the sealing of court documents as explicated by Ninth Circuit decisions.

8  Regarding paragraph 13, absent special order, confidential documents filed with the court shall remain with

9  the court.

10                                     BY THE COURT:

11
                                       /s/ Gregory G. Hollows
12

13                                     _____
                                       U.S. MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMEO BRAVO, INC., RONALD J. BROWN, DANA POPE, for themselves and classes of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LYCOMING ENGINES, a Division of Avco Corporation; AVCO CORPORATION; TEXTRON, INC., <br><br> Defendants. | Case No.  2:06-cv-01947-LKK-GGH |

**Exhibit "A"**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I have received a copy of the Stipulated Protective Order, have read the same, and agree to be bound by all of the provisions thereof.

Dated: _____          _____

10