UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD A. BRISTOW, for
himself and a class of
others similarly situated,

    NO. CIV. S-06-1947 LKK/GGH

    Plaintiff,

    v.

LYCOMING ENGINES, a     **O R D E R**
Division of Avco Corporation;
AVCO CORPORATION,

    Defendants.

_____/

**I. Background**

On June 15, 2007, the court denied a motion for class certification filed by the original plaintiff in this action, Richard Bristow. Because Mr. Bristow's corporation, Romeo Bravo, was the legal owner of the airplane with the crankshaft at issue, the court denied the motion for lack of typicality of the proposed class representative. The court indicated that if Romeo Bravo were substituted for plaintiff, it would certify the Unfair Competition Law Class, and therefore granted plaintiff leave to amend in order

1

to substitute new class representatives.  The court also noted, however, that with respect to the Consumers Legal Remedies Act ("CLRA") Consumer Subclass, only an individual, rather than a corporation, would have standing to sue.

In this renewed motion, plaintiffs' counsel have substituted Romeo Bravo for Richard Bristow and have added two new plaintiffs: Ronald Brown and Dana Pope.  Mr. Brown took and holds title to his aircraft as an individual.  Decl. of Ronald Brown ¶ 2.  He purchased and uses his plane primarily for personal and family use.  Id.  He has not replaced his Lycoming crankshaft.  Id.  Mr. Pope also took and holds title to his aircraft as an individual, and he also purchased and uses his aircraft primarily for personal and family use.  Decl. of Dana Pope ¶ 1.  Mr. Pope replaced his Lycoming crankshaft in November 2006.  Id. ¶ 2.

## II. Analysis[1]

**A. UCL Class**

Defendants do not challenge the sufficiency of Romeo Bravo LLC as class representative for the UCL class.  Because all the requirements of class certification are now satisfied in light of the substitution of Romeo Bravo for Richard Bristow, the court hereby certifies the UCL Class and appoints Romeo Bravo LLC as the class representative.

As defined by plaintiffs, the UCL Class includes the

---

[1] The court incorporates by reference the standard and analysis sections set forth in its June 15, 2007 order and only addresses the new issues presented by the newly-introduced proposed class representatives.

2

following: All persons or entities residing in California who: (1) before February 21, 2006 purchased an aircraft that is or was subject to Lycoming Mandatory Service Bulletin 569A; (2) either currently own that aircraft or sold that aircraft on or after February 21, 2006.  Employees, officers, directors, legal representatives, heirs, successors, and assignees of defendants are excluded.

**B. CLRA Consumer Subclass**

With respect to the CLRA Consumer Subclass, defendants challenge the typicality and adequacy of Mr. Brown and Mr. Pope as class representatives. Specifically, defendants argue that because Mr. Brown's aircraft was stolen in 1993, and an engine log book was also stolen or destroyed, Mr. Brown's aircraft could have suffered some unknown damage that would make him an atypical representative. As the court stated in its June 15, 2007 order, however, "[t]he injury to the proposed class materializes in one of two forms: either owners will suffer diminished resale value if they opt to sell their planes prior to replacing the crankshaft, or they will bear the extra costs associated with replacing the crankshaft as part of their compliance with the [Airworthiness Directive]." Order at 9.

Accordingly, the theft of Mr. Brown's plane does not change the injury that he suffered with respect to crankshaft replacement, even if, as defendants speculate, there might have been aircraft misuse during the theft.  Furthermore, crankshaft replacement is the legally relevant issue for determining whether Mr. Brown is

3

similarly situated to other class members and therefore a typical class representative.

As this is defendants' only substantive criticism of the new plaintiffs,[2] the court hereby certifies the CLRA Consumer Subclass and appoints Mr. Brown and Mr. Pope as the class representatives. The CLRA Consumer Subclass includes the following: All persons residing in California who: (1) before February 21, 2006 purchased an aircraft which is used primarily for personal, family, or household purposes that is or was subject to Lycoming Mandatory Service Bulletin 569A; (2) either currently own that aircraft or sold that aircraft on or after February 21, 2006. Employees, officers, directors, legal representatives, heirs, successors, and assignees of defendants are excluded.

### III. Conclusion

The court hereby orders as follows:

1. The motion for class certification is GRANTED.

2. The court appoints Romeo Bravo LLC as the class representative for the UCL Class.

3. The court appoints Ronald J. Brown and Dana Pope as the class representatives for the CLRA Consumer Subclass.

4. The court appoints class counsel Levy, Ram & Olson LLP (Liaison Counsel); Mills Law Firm (Co-Lead Class Counsel); Climaco,

---

[2] Defendants also argue that aircraft maintenance records from May 3, 2001 to November 5, 2003 are missing. As explained in Mr. Brown's subsequent declaration, however, there is no gap in the maintenance records. Rather, he stopped flying the plane during this period of time and resumed making flights on March 7, 2004. Brown Decl. ¶ 5.

4

1  Lefkowitz, Peca, Wilcox & Garofoli, Co., L.P. (Co-Lead Class
2  Counsel); Seeger Weiss LLP (Class Counsel); Roda Nast P.C. (Class
3  Counsel); Bailey Law Group (Class Counsel); and the Vernon Law Firm
4  (Class Counsel).
5       IT IS SO ORDERED.
6       DATED:   September 11, 2007.

                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT