IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMEO BRAVO, INC., et al.,

    Plaintiffs,                       CIV. NO. S-06-1947 LKK GGH

    vs.

LYCOMING ENGINES, et al.,

    Defendants.                    <u>SUMMARY ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for December 20, 2007, was defendants' ex parte request for extension of time to respond to discovery, filed December 17, 2007, defendants' motion for reconsideration of this court's October 31, 2007 discovery order,[1] filed October November 19, 2007, and a discovery conference. Erica Craven appeared for plaintiffs. Timothy Ryan, Richard Bedell and Marla Weston appeared for defendants. Having heard the parties on all matters, the court now issues the following summary order.

        1. Defendants' motion for reconsideration, filed November 19, 2007, was withdrawn at hearing by defendants and is now vacated from calendar.

---

[1] The motion was originally brought before the district court which referred the matter to this court on December 13, 2007.

1

2. To the extent not fully complied with to date, and as discussed at hearing, defendants shall fully and finally respond to all requests for production ordered to be produced in that order by January 15, 2008, except as set forth below.

3. With respect to all hard copy discovery (both previously produced and to be produced), and insofar as not accomplished to date, defendants shall *specifically* identify to which requests the produced documents have been, or are, responsive.  Normally, this reference would be performed by bates stamped discovery and reference thereto, and defendants are ordered to do so if at all practicable.  To the extent not practicable, some other methodology of organization shall be used to match produced documents with specific requests.  Relation of discovery produced to specific request may be more difficult with respect to electronic discovery, but a relation must be made nevertheless.  Whether by index or some other organizational mechanism, the electronic discovery produced must be related to specific requests.   All identification shall be made on or before January 31, 2008.

4. All LYCA documents which have not been produced in hard copy shall be produced by December 26, 2007.

5. Defendants shall file and serve a declaration by January 15, 2008, by a knowledgeable person(s) at Lycoming, that sets forth a precise recitation demonstrating that a reasonable search has been done in response to all plaintiffs' discovery ordered produced on October 31, 2007.  The declaration shall be specific as to each request referenced in the order except that if categorization of requests is more feasible, such categorization may be done.   The declaration shall address both electronic and hard copy discovery.  This recitation shall include a description of what departments or parts of Lycoming facilities have been searched, the primary persons in each department responsible for the search, the specific computer hardware which has been searched, e.g., "main office server," computer of [individual], the information which was given to Kroll for analysis, what Kroll has done in order to produce the information that is being produced.  With respect to electronic discovery, the declaration shall set forth the work, if any,

which still needs to be performed.  Within two days after defendants file their declaration, counsel shall schedule a phone status conference with plaintiffs and the court to quickly resolve any lingering problems.[2]

6. Existing electronic databases and spreadsheets are to be produced in their native format unless the parties agree otherwise.  Electronic discovery shall be produced by January 15, 2008, which shall constitute the majority of the discovery to be produced.  If, however, despite defendants' best efforts, there remains additional electronic discovery to be obtained, it shall be completely produced by January 31, 2008.

7. Defendants are not required to copy or further organize documents responsive to plaintiffs' request for production #13 which are located at Jones Day offices in Cleveland.  To the extent that documents other than those at Jones Day offices are responsive to this request, defendants must identify and/or produce them if they have not already done so.

8. Defendants shall produce an omnibus, revised privilege log by January 15, 2008, which makes only bona fide objections, document by document.

\\\\\

---

[2] As the court remarked at hearing, much of defendants' seeming paralysis in responding to discovery in this action derives from a misconception of their responsibilities vis-a-vis those of plaintiff (the propounding party).  While it was commendable that defendants attempted to resolve potential electronic discovery procedures with plaintiffs prior to commencing the document search, when such agreement could not be reached, defendants had the ultimate responsibility of making a reasonable, good faith determination of what search mechanisms would accurately respond to the request at issue.  And, the determination of search mechanisms to be used could not be put off indefinitely until agreement was reached.  Included within the search mechanisms are the places to be searched.  Until and unless the court orders otherwise, defendants need only search those places, individual offices, or departments within the corporation where the requested discovery is likely to be found and is reasonably accessible.  Not every nook and informational cranny need be searched despite the improbabilities of any non-duplicative, requested information being found there.  Again, defendants, the responding party, have to act reasonably in light of the known facts about the corporation informational structure and in good faith – and not in purposeful ignorance.  Finally, the court is weary of the "Pennsylvania excuse," i.e., we cannot act here because it might be inconsistent with what is happening in the Pennsylvania litigation, or would be burdensome because of what is transpiring in the Pennsylvania litigation and so forth.  Unless a court orders otherwise, this litigation proceeds independently of the Pennsylvania litigation.

9. Plaintiffs shall bring any *significant* discrepancies in discovery production to the court's attention forthwith, and a motion will be heard on an expedited basis.

10. In consideration of the scheduling order requirement that experts are to be fully prepared to render an opinion at the time of designation, and because of the electronic discovery schedule above, plaintiffs may file expert rebuttal disclosure statements by February 7, 2008.

11. Defendants' ex parte request for extension of time to respond to discovery, filed December 17, 2007, is granted in part. Defendants have until December 31, 2007 to respond to plaintiffs' second set of interrogatories and plaintiffs' second set of requests for documents. Defendants and plaintiffs shall meet and confer immediately following the December 20th hearing regarding defendants' objections to this discovery. Defendants shall set forth whether they have any bona fide objections. If they do have such objections, such as burden, they must articulate to plaintiffs why they are intending to make such objections. Boilerplate objections made without cause after meeting and conferring will be grounds for sanctions.

IT IS SO ORDERED.

DATED: 12/21/07               /s/ Gregory G. Hollows

                              _____
                              GREGORY G. HOLLOWS
                              U. S. MAGISTRATE JUDGE

GGH:076/RomeoBravo1947.rec.wpd