IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMEO BRAVO, INC., et al.,

      Plaintiffs,                                        CIV. NO. S-06-1947 LKK GGH

     vs.

LYCOMING ENGINES, et al.,

      Defendants.                                ORDER

_____/

        Presently before the court is plaintiffs' ex parte application for a discovery conference to resolve pending discovery disputes on shortened time, filed March 3, 2008. Defendants have filed an opposition.

        Some of the discovery disputes at issue arise out of this court's order of December 20, 2007, which addressed in part document production and privilege logs relating to that production. The purpose of that summary order was to apprise the parties of the urgency in completing discovery in a timely manner and to give plaintiffs a window of two weeks after the last date for production (January 31, 2008) to review the production and file a motion to compel that would be in compliance with Judge Karlton's scheduling order. That order, which extended the discovery cutoff for the second time in this case, required: "Discovery shall be conducted so as to be completed by March 14, 2008. Motions to compel discovery must be noticed so as to be

1

1  heard no later than February 14, 2008." Order, filed October 10, 2007. At the December 20,
2  2007 hearing, the court specifically warned the parties of the looming discovery deadline and that
3  it could not modify the district court's scheduling orders.[1]

4        It now appears from plaintiffs' ex parte application that defendants have violated
5  this court's summary order in a way that plaintiffs could not have predetermined, by producing
6  supplemental privilege logs on February 8, 13, and 15, 2008. The order required defendants to
7  produce their privilege log by January 15, 2008. However, plaintiffs make no motion for
8  sanctions, including evidentiary sanctions, which is the only type of motion capable of being
9  heard by the undersigned in light of the district court's scheduling order. If plaintiffs believe they
10 have been aggrieved by defendants' untimely production, they now must make a motion before
11 Judge Karlton.

12       The remainder of plaintiffs' application concerns discovery which should have
13 been addressed at a hearing on or before February 14, 2008, and which does not appear related to
14 the matters raised before this court at the December 20th hearing. These newly raised matters
15 include interrogatory responses produced by defendants on December 31, 2007 which plaintiffs
16 claim are inadequate, and the noticed deposition of Richard Millman to which defendants have
17 objected. These matters could have been brought earlier and should have been raised in a timely
18 motion before the discovery cutoff.

19 \\\\\
20 \\\\\

---

[1] At one point, the undersigned stated:

> [Y]ou can see the problem I've had is this has been kicking down the road for quite a while and we don't have time to have a rolling basis. We keep extending, or Judge Karlton does, extending the dates in this case; he's going to get tired of that pretty soon, and I have to live with that as well, what his orders are. I don't – I can't change them.

(Hrg. Tr. at 13-14.)

1       Accordingly, IT IS SO ORDERED that plaintiffs' ex parte application for a
2 discovery conference on shortened time, filed March 3, 2008, is denied.
3 DATED: 03/06/08

4                                              /s/ Gregory G. Hollows

5                                        GREGORY G. HOLLOWS
                                        U. S. MAGISTRATE JUDGE
6 GGH:076/RomeoBravo1947.ost.wpd

3