UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD A. BRISTOW, for
himself and a class of
others similarly situated,

                                      NO. CIV. S-06-1947 LKK/GGH

       Plaintiff,

  v.

LYCOMING ENGINES, a                     **O R D E R**
Division of Avco Corporation;
AVCO CORPORATION,

       Defendants.

                                  /

      Plaintiff Romeo Bravo is an aircraft owner who brought suit against defendants, aircraft engine manufacturers, for damages associated with the defendants' recall of a faulty engine part. The court had previously certified the case to proceed as a class action, with the named plaintiff representing all California owners of aircraft subject to the recall. On March 28, 2008, the court granted defendants' motion to decertify the plaintiff class. Pending before the court is the plaintiffs' motion for reconsideration of that order. For the reasons provided herein, the

1

court denies the motion.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

This action stems from defendants' recall, or "retirement," of a defective crankshaft that had been installed in many of its engines. After having concluded that a particular type of crankshaft was experiencing failures, the defendant issued service bulletins recommending the crankshafts' replacement. Subsequently, the FAA reviewed the problems surrounding these crankshafts and issued an Airworthiness Directive, requiring that the crankshafts be replaced within twelve years, or at the time of next engine separation for other maintenance.

Plaintiffs, under California's Unfair Competition Law and Consumer Legal Remedies Act, seek recovery for the damages they incurred as a result of the faulty crankshafts. Although Lycoming agreed to pay for the crankshaft replacement if an engine overhaul was performed at their factory, plaintiffs alleged that they would nonetheless suffer damages in the form of loss of use, depreciation,[2] shipping costs, cost of replacement of the crankshaft if the aircraft owner elects to have a non-Lycoming servicer perform the repair, the marginal difference between an overhaul at the Lycoming factory and a non-Lycoming servicer, and other costs. The court found these allegations of damages adequate

---

[1] The court described the details of the complaint in its April 10, 2007 and June 15, 2007 orders and the undisputed facts of the case in its March 28, 2008 order.

[2] The plaintiffs later abandoned this claim. See Opposition to Motion for Summary Judgment, March 10, 2008, at 1 n. 2.

2

to survive a motion to dismiss for lack of standing. See Order, April 7, 2007, at 13.

The court subsequently certified the plaintiff class under Federal Rule 23(b)(3). See Order, June 15, 2007, at 6; Order, Sept. 11, 2007, at 4-5. The plaintiffs had demonstrated that questions common to the class included whether the crankshafts were unsafe, whether the defendants knew this and failed to disclose this information, whether this omission by the defendants was material, and whether the defendants' conduct violated the UCL. Order, June 15, 2007, at 8, 14. The court observed if the members of the plaintiff class had individualized damages, this would not defeat class certification. Id. at 14. Finally, the court weighed the difficulties in managing the suit as a class action, observing that the plaintiffs had proposed a trial plan "demonstrating the manageability of the class action." Id. at 17.

After the close of discovery, defendants moved for summary judgment or, alternatively, to decertify the class on the grounds that the plaintiffs had insufficient evidence of class-wide damages. The court granted the motion, decertifying the class as to all issues, because there appeared insufficient evidence that the class had actually suffered harm as required under the UCL and the CLRA. The only admissible evidence tendered to the court to support plaintiffs' allegations of damages was, "evidence that (1) some plaintiffs may pay the cost of the replacement crankshaft (if the replacement is not performed at the Lycoming factory), and (2) if some plaintiffs have their engines repaired by Lycoming, they

3

1  will incur costs for shipping, removal and installation." Order,
2  March 28, 2008, at 14. This was insufficient to show that, class-
3  wide, all plaintiffs had suffered damages as a result of
4  defendants' conduct, let alone how the tendered evidence could be
5  translated into a computation of damages across all class members.
6  Id. at 15-17. In the instant motion, the plaintiffs move for
7  reconsideration of that order.

## II. STANDARD FOR MOTION FOR RECONSIDERATION

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances...which... were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

4

Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

Plaintiffs concede that there has been neither newly discovered evidence nor an intervening change of law warranting reconsideration. Instead, they argue that the court committed clear error and it would be manifestly unjust to permit its March 28 order to stand, and that the court should reinstate class certification for the liability issues. The court does not agree.

As a preliminary matter, the instant motion is a plain attempt by the plaintiffs to relitigate the earlier motion. This is not a proper purpose for a motion for reconsideration. See Costello, 765 F.Supp. at 1009; Fay Corp., 651 F. Supp. at 309. The arguments put forth in the present motion may very well have aided the court in disposing of that motion. The plaintiffs, however, had their

5

opportunity to present those arguments and refrained from doing so. The court perceives no reason why giving plaintiffs a second bite at the apple is appropriate now.

Moreover, the plaintiffs' motion fails on its merits. As the court discussed in its March 28 order, both the CLRA and the UCL require that a plaintiff suffer actual harm in order to recover under those statutes. See Order at 9 n. 4, 16. The plaintiffs did not tender sufficient evidence to show that harm was actually suffered by the plaintiff class. Instead, they merely alleged that some members of the plaintiff class might prefer to have their crankshafts replaced at a location other than the Lycoming factory; those individuals would pay the cost of the replacement crankshaft. They also alleged that some members of the plaintiff class might choose to have their overhauls performed at the Lycoming factory and would not have done so absent the recall; those individuals may incur damages as a result of that choice.[3]

The problem, as the court identified, is that the plaintiffs tendered no evidence that would permit the court to conclude that these two types of plaintiffs comprised the entirety of the plaintiff class. As the court explained in the March 28 order, the plaintiffs appeared to presume that there would be no members of the plaintiff class who would have elected to have their overhauls performed by at the Lycoming factory irrespective of the recall.

---

[3] As the court observed, however, the evidence plaintiffs tendered of these incidental damages was ineffective in demonstrating what a fair and accurate damage award would be across the class. See Order, March 28, 2008, at 14-15.

1  Order at 16-17. At the summary judgment stage, the plaintiffs
2  cannot rely on such presumptions, but rather must put forth
3  evidence. They did not. Consequently, there was insufficient
4  evidence before the court to show that the plaintiffs had in fact
5  suffered harm. If there was no harm to the plaintiffs, there was
6  no violation of the UCL or the CLRA. <u>See</u> Order at 9 n. 4, 16.
7  Plaintiffs, by proposing to bifurcate the proceedings and permit
8  the class to be certified on the issue of liability alone, appear
9  to misunderstand this premise.
10     Accordingly, the court cannot agree that its March 28 order
11 represents any manifest injustice. The motion for reconsideration
12 is DENIED.
13     IT IS SO ORDERED.
14     DATED:  April 25, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7