UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD A. BRISTOW, for
himself and a class of
others similarly situated,

                              NO. CIV. S-06-1947 LKK/GGH

        Plaintiff,

    v.

LYCOMING ENGINES, a                      **O R D E R**
Division of Avco Corporation;
AVCO CORPORATION; TEXTRON,
INC.,

        Defendants.
                               /

    Plaintiff Romeo Bravo is an aircraft owner who brought suit against defendants, aircraft engine manufacturers, for damages associated with the defendants' recall of a faulty engine part. Pending before the court is plaintiffs' motion to stay the case while they appeal the court's March 28, 2008 order decertifying the plaintiff class.

    The court resolves the motion on the papers. For the reasons stated herein, the court grants the motion.

////

1

**I. BACKGROUND AND FACTS**

This action stems from defendants' recall, or "retirement," of a defective crankshaft that had been installed in many of its engines. After having concluded that a particular type of crankshaft was experiencing failures, the defendant issued service bulletins recommending the crankshafts' replacement. Subsequently, the FAA reviewed the problems surrounding these crankshafts and issued an Airworthiness Directive, requiring that the crankshafts be replaced within twelve years, or at the time of next engine separation for other maintenance.

Plaintiffs, under California's Unfair Competition Law and Consumer Legal Remedies Act, seek recovery for the damages they incurred as a result of the faulty crankshafts. The court subsequently certified the plaintiff class under Federal Rule 23(b)(3). See Order, June 15, 2007, at 6; Order, Sept. 11, 2007, at 4-5.

After the close of discovery, defendants moved for summary judgment or, alternatively, to decertify the class on the grounds that the plaintiffs had insufficient evidence of class-wide damages. The court granted the motion, decertifying the class as to all issues, because there appeared insufficient evidence that the class had actually suffered harm as required under the UCL and the CLRA. On April 25, 2008, the court denied plaintiffs' motion for reconsideration of that order. On May 9, 2008, the plaintiffs appealed the court's decertification order to the Ninth Circuit. Plaintiffs now move to stay the court's proceedings while their

appeal is resolved by the Circuit Court.

Defendants "do[] not take a position" on the request for stay and have filed no opposition to it. Response of Lycoming Engines To Plaintiffs' Motion for Stay, May 6, 2008, at 1.

## II. STANDARD

A district court has discretion to stay its order, pending appeal, upon consideration of, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The Ninth Circuit conceives this standard as "two interrelated legal tests" operating along a continuum. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). At one end of the continuum, the moving party may succeed if it shows that there is a probability of success on the merits as well as a possibility of irreparable injury. Golden Gate Restaurant Ass'n. v. City and County of San Francisco, 512 F.3d 1112, 1115-16 (9th Cir. 2008). At the other end, the moving party may succeed if it shows that it has raised "serious legal questions" and that "the balance of hardships tips sharply in its favor." Id. at 1116 (quoting Lopez, 713 F.2d at 1435). Finally, the district court must consider the public interest implicated by the grant of the stay; this consideration is distinct from the harm to the parties in the court's grant or denial of a stay. Natural Resource Defense

3

1  Council, Inc. v. Winter, 502 F.3d 859, 863-64 (9th Cir. 2007).

## III. ANALYSIS

### A. Plaintiffs' Likelihood of Success on the Merits

In order to succeed in its motion, the defendants must show at least the potential for success on the merits of its appeal. See Golden Gate, 512 F.3d at 1115-16; Lopez, 713 F.2d at 1435. In other words, if the defendants have no possibility of obtaining a favorable ruling in the appellate court, a stay is improper. Here, the plaintiffs have met their burden to show that they present "serious legal questions" in their appeal.

In their motion for reconsideration, plaintiffs raised the argument that certification would be proper on the liability issues common to all plaintiffs, even if there was no showing of actual damages suffered by each class member. See Motion for Reconsideration, April 10, 2008, at 4-6. The court disagreed, holding that both the UCL and CLRA require proof that the plaintiff has actually suffered harm. See Order, April 25, 2008, at 6; Order, March 28, 2008, at 16 (citing Caro v. Proctor & Gamble, Co., 18 Cal. App. 4th 644, 669 (1993); Wilens v. TD Waterhouse Group, Inc., 120 Cal. App. 4th 746, 756 (2003); and Abuan v. General Electric, Co., 3 F.3d 329, 333-34 (9th Cir. 1993)). Because plaintiffs' evidence was insufficient to make this showing, decertification was proper.

Although the court adheres to this view, it recognizes that the Circuit Court may hold that partial certification on liability issues under the CLRA may be appropriate. See, e.g., Chamberlan v.

4

1  Ford Motor Co., 402 F.3d 952 (9th Cir. 2005) (holding district
2  court did not commit manifest error by certifying a CLRA class
3  based upon allegations of common liability issues). It is possible
4  that the Circuit Court may extend its holding in Chamberlan to
5  encompass not only the showing plaintiffs must make at the class
6  certification stage, but also the evidence they must tender at the
7  summary judgment stage. This suffices to create a "serious legal
8  question" for appellate review. The law does not so clearly favor
9  the plaintiffs, however, to permit the court to conclude that it
10 is probable that they will succeed on the merits of their appeal.
11 Therefore, in order for the stay to be granted, the plaintiffs must
12 show that "the balance of hardships tips sharply in [their] favor."
13 Golden Gate Restaurant Ass'n., 512 F.3d at 1116.

**B.   The Balance of Hardships**

15     Plaintiffs assert that denial of a stay will create a
16 hardship, by placing them in the position of continuing to litigate
17 a case on behalf of the named plaintiffs only. This may force the
18 plaintiffs to "abandon the case, or settle for a pittance."
19 Plaintiffs' Motion to Stay, April 29, 2008, at 2 (quoting Carpenter
20 v. Boeing Co., 456 F.3d 1183 (10th Cir. 2006)). Defendants assert
21 no hardship to them if the stay were granted.

22     The court is cognizant of the hardship faced by the plaintiffs
23 in litigating their individual claims in this court while also
24 seeking review of the decertification order in the Circuit Court.
25 Certainly, it would be a tremendous injury to plaintiffs to reach
26 the trial or post-trial stage on their individual claims, only then

5

1  to win the relief they seek in the Circuit Court. Further, there
2  appears no harm to defendants in granting the stay.
3      Accordingly, the court concludes that the balance of hardships
4  sharply favors plaintiffs.
5  **C.   The Public Interest**
6      Finally, the court considers whether the public interest lies
7  in granting the stay or denying it. Hilton, 481 U.S. at 776;
8  Golden Gate Restaurant Ass'n., 512 F.3d at 1126-27. This inquiry
9  considers the hardship to individuals not party to the suit. Golden
10 Gate Restaurant Ass'n., 512 F.3d at 1126. Here, the public
11 generally has an interest in accuracy of judicial proceedings and
12 in efficient use of government resources. Neither of these
13 interests would be served by the court proceeding to trial on
14 plaintiffs' individual claims when the Circuit Court may rule that
15 the court's decertification order was in error. Additionally, the
16 unnamed class members have an interest in resolution of their
17 claims. This interest would be served by staying the case pending
18 the resolution of the appeal, in order for the unnamed class
19 members' claims to be resolved should the Circuit Court reverse the
20 decertification order. The court perceives of no countervailing
21 public interest that would be harmed by the grant of a stay.

**IV. CONCLUSION**

23     Accordingly, the court orders as follows:
24     1.   The plaintiffs' motion for a stay of the proceedings
25         (Doc. 217) is GRANTED.
26     2.   The parties are to inform the court promptly upon the

6

1           resolution by the Circuit Court of plaintiffs' Petition
2           For Permission to Appeal Class Certification Decision
3           Pursuant to Fed. R. Civ. P. 23(f).
4    3.     The Pretrial Conference currently set for July 25, 2008
5           is VACATED.
6    IT IS SO ORDERED.
7    DATED:  June 23, 2008.

```
                          /s/ Lawrence K. Karlton
                          _____
                          LAWRENCE K. KARLTON
                          SENIOR JUDGE
                          UNITED STATES DISTRICT COURT
```

7